**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN MIGUEL COCHA COCHA,<br><br>Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS, *et al.*,<br><br>Respondents. | Civil Action No. 26-9857 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Petitioner Juan Miguel Cocha Cocha's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed an answer (ECF No. 6) and Petitioner replied (ECF No. 9).

Petitioner, a citizen of Ecuador, entered the United States without inspection in 2008. (ECF No. 1 at 2.) On August 1, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner in Brooklyn, New York. (*Id.*) Petitioner was issued a Notice to Appear on the same day. (ECF No. 6 at 1-2.) Petitioner has been detained since his arrest pursuant to 8 U.S.C. § 1226(a). (*Id.* at 2.)

On August 5, 2026, Petitioner filed this Petition arguing he was unlawfully detained pursuant to 8 U.S.C. § 1225(b) and his detention violates his due process rights. (*See generally* ECF No. 1.) Respondents filed an answer submitting that, because Petitioner was detained in New York, he is detained lawfully under § 1226(a).[1] (ECF No. 6.) Petitioner replied. (ECF No. 9.)

[1] Respondents submit that, because Petitioner was arrested in New York, which is within the jurisdiction of the U.S. Court of Appeals for the Second Circuit, in accordance with the Second

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225(b) in violation of his due process rights. (*See generally* ECF No. 1.) Petitioner seeks his immediate release from custody or in the alternative an individualized bond hearing under 8 U.S.C. § 1226(a). (*Id.*) However, Respondents argue that Petitioner is already being detained under 8 U.S.C. § 1226(a) and has requested a bond hearing that is in the process of being scheduled. (ECF No. 6 at 2.) Petitioner replied arguing that his detention under § 1226(a) violates his due process rights, as the arrest warrant was electronically signed nearly four hours after he was initially detained. (ECF No. 9.) Accordingly, Petitioner argues that he was not initially detained under § 1226(a) and is entitled to release. (*Id.*)

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also Demore v. Kim*, 538 U.S. 510,

---

Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), Petitioner's arrest was processed pursuant to 8 U.S.C. § 1226(a).

523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to provide detainees with a "prompt bond hearing." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge, and may appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (finding that an alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving he is neither a danger to the community nor a flight risk. *Id.* at 279.

Respondents noted that a bond hearing was being scheduled, but the parties have not updated the Court on the status of that hearing. Even if the bond hearing has taken place, an appeal from the determination made by an IJ may then be taken to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(f). Immigration regulations also allow for a noncitizen to request a bond redetermination if their circumstances have changed materially since their prior bond determination. 8 C.F.R. § 1003.19(e). Accordingly, Petitioner has failed to exhaust his administrative remedies. *See Saravia v. Green*, No. 17-34559, 2017 WL 651335, at *3 (D.N.J. Dec. 15, 2017) (citing *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012) ("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)). Therefore, to the extent Petitioner argues his rights are being violated based on his detention under 8 U.S.C. § 1226(a), Petitioner has not exhausted his administrative remedies.

Finally, Petitioner argued he could not have been initially lawfully detained under § 1226(a), because that arrest warrant was electronically signed four hours after his initial detention. (ECF No. 9.) This argument asks the Court to find that when an arrest is made before the issuance of a warrant, detention of § 1226(a) is not lawful even when an arrest warrant is issued within hours of the arrest.

The Court finds Petitioner is not entitled to release based on the alleged warrantless arrest, as he is *currently* detained under § 1226(a) pursuant to an arrest warrant. The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a [petitioner] unless . . . (3) He *is in custody in violation of the Constitution or laws or treaties of the United States*[.]" (emphasis added). Discretionary detention under § 1226(a) requires a warrant. *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General."). Here, a warrant has been issued by the Attorney General, and therefore the detention does not violate § 1226(a).

The Court need not decide if Petitioner's alleged initial warrantless arrest entitled him to release from custody[2], as the record before the Court shows that a warrant was signed the same

[2] The Court notes that immigration regulations allow for the warrantless arrest of a noncitizen under 8 U.S.C. § 1226(a). The Immigration and Nationality Act ("INA") permits immigration officers to arrest a noncitizen without a warrant if that individual "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). These arrested noncitizens must "be taken without unnecessary delay for examination" before an immigration officer who has

day Petitioner was detained. (ECF No. 6-1.) Following the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a).

Habeas relief is only available when a petitioner is in custody in violation of the constitution or laws of the United States. 28 U.S.C. § 2241. Because the Court finds Petitioner is not being held in violation of federal law, he is not eligible for habeas relief pursuant to § 2241. The Court will not order Petitioner's release based on an alleged arrest defect, when Petitioner's custody is now lawful.[3] *See Par v. Jamison*, No. 26-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when Petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)"). Accordingly, because a warrant was issued to Petitioner within hours of his initial detention, that warrant authorized Petitioner's continued detention pursuant to the discretionary framework of Section 1226(a).

---

"authority to examine aliens as to their right to enter or remain in the United States." *Id.* The implementing regulations fill in this statute, explaining that the noncitizen must be examined "by an officer other than the arresting officer," who will determine whether there is "prima facie evidence" that the arrestee is "present in the United States in violation of the immigration laws." 8 C.F.R. § 287.3(a), (b). Within 48 hours after the warrantless arrest, the Government must determine "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 C.F.R. parts 236 and 239 will be issued." *Id.* § 287.3(d).

[3] In the context of criminal actions, the Supreme Court has found that "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980). The Supreme Court has further agreed that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984).

Accordingly, and for good cause appearing,

**IT IS** on this 18th day of September 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**